UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| COREY DEWAYNE DAVIS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:07CV35 CEJ |
| | ) |
| AL LUEBBERS, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM

This matter is before the Court on petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent has filed a response, and the issues are fully briefed.

### Background

On May 17, 2001, petitioner severely beat his girlfriend, Tina Haselett, at her home. Petitioner had arrived at her home intoxicated that evening. Haselett told petitioner that she did not "appreciate him coming to the house intoxicated." Petitioner became belligerent after Haselett made the comment.

Later, Haselett went to bed while petitioner remained on the couch. Petitioner began smoking and "messing with" the Venetian blinds next to the couch. Haselett said to petitioner, "You're not going to come in here and start tearing this house up again. This is my parents house and you're not going to tear it up." Petitioner became angry.

After petitioner became angry, Haselett said to him, "Corey, you can leave." (Haselett testified at trial that saying "you can leave" was her way of telling petitioner to leave her house. Haselett further testified that at that point she was expecting

petitioner to hit her, which is why she told him to leave the house.) In response, petitioner got off the couch, grabbed Haselett by the hair, and threw her to the floor.

Petitioner then proceeded to drag Haselett around the house by her hair and hit and kick her for about forty-five minutes. Haselett attempted to get away from petitioner several times, but he caught her each time. Eventually Haselett found a piece of glass and defended herself by cutting petitioner.

Suddenly, petitioner indicated that he did not want to continue fighting and suggested they go to the bathroom to clean up. When petitioner went to look at himself in the bathroom, Haselett escaped to a neighbor's house and called the police.

Petitioner was charged as a persistent misdemeanor offender with first degree burglary, kidnaping, and domestic assault. Petitioner pled not guilty. A jury found petitioner guilty on all counts.

On direct appeal, petitioner relied on three points for reversal of his conviction. In his first point, petitioner argued that the trial court erred in accepting the jury's verdict of guilty on the kidnapping count because any confinement of Haselett was incidental to the commission of domestic assault. In his second point, petitioner argued that the trial court erred in overruling his motion for judgment of acquittal at the close of evidence because there was insufficient evidence to find that he was guilty of burglary. In his third point, petitioner argued that the trial court erred in overruling his oral motion for mistrial after the prosecutor elicited testimony of prior assaults by petitioner on Haselett in violation of the trial court's pretrial ruling in favor of petitioner's motion in limine. The Missouri Court of Appeals affirmed the conviction and sentence.

Petitioner filed a motion for post-conviction relief pursuant to Rule 29.15 of the Missouri Rules of Criminal Procedure. In the motion, petitioner argued that counsel was ineffective for failing to object to a police officer's testimony, for failing to seek an instruction from the court that the jury disregard Haselett's testimony regarding prior abuse, for failing to investigate and call a witness, and for failing to object to the verdict director for the kidnaping count on the basis that petitioner was subjected to double jeopardy. The trial court denied the motion, and the Missouri Court of Appeals summarily affirmed.

## Grounds for Relief

1. The prosecutor knowingly used perjured testimony regarding petitioner's prior bad acts to obtain the conviction.

2. That counsel was ineffective for failing to allow petitioner to testify at trial.

3. The trial court erred in accepting the verdict for kidnaping because it violated the prohibition against double jeopardy.

4. The trial court erred in accepting the verdict for burglary because there was insufficient evidence to convict him on that count.

## Discussion

1. <u>Procedural Default</u>

To avoid defaulting on a claim, a petitioner seeking habeas review must have fairly presented the substance of the claim to the state courts, thereby affording the state courts a fair opportunity to apply controlling legal principles to the facts bearing on the claim. <u>Wemark v. Iowa</u>, 322 F.3d 1018, 1020-21 (8th Cir. 2003) (quotation marks omitted). A claim has been fairly presented when a petitioner has properly raised the same factual grounds and legal theories in the state courts that he is attempting to raise in his federal petition. <u>Id.</u> at 1021. Claims that have not been

fairly presented to the state courts are procedurally defaulted. Id. at 1022 (quoting Gray v. Netherland, 518 U.S. 152, 161-62 (1996)). Claims that have been procedurally defaulted may not give rise to federal habeas relief unless the petitioner can demonstrate cause and prejudice for the default. Id.

  A. Ground One

In Ground One of the petition, petitioner claims that the prosecutor knowingly used Haselett's perjured testimony regarding petitioner's prior bad acts to secure the conviction.[1] Specifically, petitioner claims that Haselett was lying in the following exchange:

| | |
|---|---|
| [Prosecutor]: | Okay. When you told him he could leave, how did that affect his demeanor? |
| [Haselett]: | That's when he called me a snitch and told me that I worked for the police. And that's when I told him that he shouldn't put his hands on women and that's why he was in trouble in the first place and that he would never put his hands on me again, because I wouldn't put up with it again. And then he became very angry and that's when he sat up off the couch and got a hold of me. |

Petitioner did not object to this testimony during the trial. Petitioner did not raise this issue in his direct appeal or in his motion for post-conviction relief. Therefore, he procedurally defaulted on this claim. Because petitioner has not shown either cause or prejudice, he is not entitled to relief on this ground.

  B. Ground Two

---

[1]The Court notes that respondent construed Ground One to be the same argument petitioner raised in point three of his direct appeal brief, i.e., that the trial court erred in failing to grant petitioner's verbal motion for a mistrial after the prosecutor elicited testimony of petitioner's prior bad acts. Respondent's interpretation of Ground One is incorrect, as is noted by petitioner in his reply brief.

In Ground Two of the petition, petitioner claims that counsel was ineffective for failing to allow petitioner to testify at trial. Petitioner claims that he would have testified that Haselett threatened to kill him, telling petitioner that she would not be prosecuted because the prosecutor "did not like petitioner."

Petitioner raised this issue in his pro se motion for post-conviction relief under Rule 29.15. Counsel was then appointed for petitioner, and counsel filed an amended Rule 29.15 motion. This issue was not raised in the amended motion. Additionally, petitioner did not raise this issue on appeal from the denial of the Rule 29.15 motion.

In Missouri, an amended Rule 29.15 motion supersedes the pro se motion, and claims not included in the amended motion are deemed abandoned. See Leach v. State, 14 S.W.3d 668, 670 (Mo. Ct. App. 2000); Mo. R. Crim. P. 29.15(g) ("The amended motion shall not incorporate by reference material contained in any previously filed motion."). Thus, petitioner abandoned the claim contained in Ground Two by failing to include it in his amended motion. He further abandoned this claim when he failed to include it in his appeal. Ground Two is, therefore, procedurally barred. Petitioner is not entitled to relief on this ground because he has not shown cause or prejudice.

B. Ground Three

In Ground Three of the petition, petitioner claims that the trial court erred in accepting the verdict for kidnaping because the verdict violated his right to be free from double jeopardy. Specifically, petitioner argues that any confinement of his victim was incidental to the commission of domestic assault and not a separate crime.

On direct appeal, the Missouri Court of Appeals noted that petitioner did not raise this issue in his motions for acquittal or for a new trial. Accordingly, the court

found that petitioner did not preserve this issue for appellate review, and the court exercised its discretion under Missouri Supreme Court Rule 30.20 not to review the issue because there was no plain or obvious error.

Where a petitioner fails to follow applicable state procedural rules in raising claims, the claims are procedurally defaulted and may not be raised in a federal habeas action. See Sweet v. Delo, 125 F.3d 1144, 1151 (8th Cir. 1997). Because petitioner failed to properly preserve the issue raised in Ground Two for review by the Missouri Court of Appeals, the issue is procedurally barred. Petitioner is not entitled to relief on this ground because he has not shown cause and prejudice.

    2.    Ground Four

In Ground Four of his petition, petitioner claims that the trial court erred in accepting the verdict for burglary because there was insufficient evidence to support the verdict. Specifically, petitioner claims that the evidence at trial showed that Haselett had given petitioner license to be in her house. Petitioner claims that the state failed to demonstrate at trial an essential element of burglary, i.e., that petitioner was not privileged to be in the house.

The Missouri Court of Appeals rejected this claim on direct appeal. The court stated, "the fracas began when Haselett told [petitioner] to leave the house, and Haselett told [petitioner] several more times to leave her house. Whatever privilege [petitioner] may have enjoyed before the fight[,] apparently ended when Haselett ordered [petitioner] to leave her house." The court found no error in the jury's finding that petitioner "'knowingly remained unlawfully in an inhabited structure . . . for the purpose of committing the crime of domestic assault in the second degree therein[.]'"

"'[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.'" Brown v. Luebbers, 371 F.3d 458, 466 (8th Cir. 2004) (quoting Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)). This Court "assume[s] the state court properly applied state law." Id.

Whether petitioner was licensed or privileged to be in Haselett's house at the time he assaulted her is purely a question of state law. And whether Haselett's testimony that she told petitioner to leave before he assaulted her was believable is within the province of the jury and not for this Court to dispute. The issue raised in Ground Four is not cognizable in federal habeas corpus proceedings. Petitioner is not entitled to relief on this ground.

## Conclusion

Petitioner is not entitled to federal habeas corpus relief, and the petition will be dismissed. Additionally, petitioner has failed to demonstrate a substantial showing of the denial of a constitutional right. As a result, the Court will not issue a certificate of appealability.

Dated this 4th day of August, 2009.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE